UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

VINCENT PRIEMOGENITO,                                   **DECISION AND ORDER**

              Plaintiff,                        10-CV-00887(S)(M)

v.

BOARD OF COOPERATIVE EDUCATIONAL
SERVICES (BOCES) ERIE ONE,

              Defendant.
_____

Plaintiff commenced this *pro se* action alleging that his termination from employment with defendant Erie One Board of Cooperative Education Services ("BOCES") violated the Age Discrimination in Employment Act of 1967 ("ADEA"), Americans with Disabilities Act of 1990 ("ADA"), and the New York State Human Rights Law ("NYSHRL"). Complaint [1], p. 4. Before me is plaintiff's motion [75] for appointment of counsel and for an extension of time to respond to BOCES' motion for summary judgment.[1]

## ANALYSIS

**A.    Motion to Appoint Counsel**

Plaintiff, who was granted *in forma pauperis* status [3], moves for appointment of counsel, alleging that "[d]ue to legal technicalities and my inability to understand the legal system; and due to my finances, I cannot afford an attorney to represent me; I am asking the court to assist me with an attorney. It is very confusing. I need to represent the legal system to bring my case to proper justice" [75].

---

[1]    Bracketed references are to the CM/ECF docket entries.

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. §1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865 F. 2d 22, 23 (2d Cir. 1988). The decision as to whether or not to assign counsel lies clearly within the court's discretion. *See* In re Martin-Trigona, 737 F. 2d 1254, 1260 (2d Cir. 1984). The factors to be considered include the following: (1) whether the indigent's claims seem likely to be of substance; (2) whether the indigent is able to investigate the crucial facts concerning his claim; (3) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (4) whether the indigent has the ability to present the case; (5) whether the legal issues involved are complex; and (6) whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination. *See* Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986); Carmona v. United States Bureau of Prisons, 243 F. 3d 629, 632 (2d Cir. 2001). I must consider the issue of appointment of counsel carefully because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172 (2d Cir. 1989).

Even assuming that plaintiff's claims satisfy the threshold showing of merit, the factual circumstances surrounding plaintiff's claims do not appear to be complicated. He has investigated his claims during discovery and moved to compel discovery from defendants [48]. To date, plaintiff has shown that he is capable of presenting his case and navigating the legal procedures and issues presented. Therefore, plaintiff's motion for appointment of counsel is denied, without prejudice. *See* Perez v. County of Monroe, 2012 WL 4052470, *1-2 (W.D.N.Y.

2012) (Feldman, M.J.) (denying motion for appointment of counsel where the plaintiff had satisfied the initial threshold showing of merit, but had also "shown that he is capable of prosecuting his case, as he has drafted coherent and appropriate pleadings, has drafted motion papers supported by legal research . . . , and appears equipped to understand the litigation process").

At this time, it remains plaintiff's responsibility to retain an attorney or to prosecute this action *pro se*. 28 U.S.C. §1654. In order to assist plaintiff in pursuing this case *pro se*, the clerk of the court is directed to send plaintiff the court's booklet entitled "*Pro Se Litigation Guidelines*".

**B. Motion for an Extension of Time to Respond to BOCES' Motion for Summary Judgment**

I recently granted plaintiff a 30-day extension, until February 28, 2013, to respond to BOCES' motion for summary judgment [69], which was filed on December 28, 2012. January 25, 2013 Text Order [74]. Plaintiff now seeks an additional unspecified extension of time to file his response. Since he provides no explanation for why he requires additional time to respond to the motion, much less good cause pursuant to Fed. R. Civ. P. 6(b)(1) for the requested extension, this motion is denied, without prejudice. My prior briefing schedule [74] remains in effect.

**SO ORDERED**.

Date: February 19, 2013

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge