RETAIN

FILED
FEB 28 2013
MICHAEL J. ROEMER, CLERK
WESTERN DISTRICT OF NY

#78

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

VINCENT PRIEMOGENITO,

                Plaintiff,

v.                              Civ. No.: 10-cv-887(S)M

BOCES ERIE ONE,

                Defendant.

## MEMORANDUM OF LAW

I, Vincent Priemogenito, Plaintiff, being pro se, submit this memorandum of law in opposition to Defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Erie One BOCES, Defendant, discriminated against me, Vincent Priemogenito, Plaintiff on the basis of age in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), Americans with Disabilities Act of 1990 ("ADA"), and the New York State Human Rights Law (NYSHRL") in connection with hiring me as a full time electrical teacher and in connection with my termination as an electrical teacher.

I applied for a full time electrical teaching position at Erie One BOCES. A candidate with far less qualifications, and who was younger than me was given the teaching position. *See* Richard

BOYLE v. HSBC BANK, USA, Inc. Not reported in F.Supp.2d, 2010 WL 235001 (S.D.N.Y.).

Discrimination due to age in employment is a violation of: 78 Civil Rights 78II Employment Practices 78k1199 Age Discrimination.

Defendant BOCES Erie One failed to provide me with accommodations for my disability, after my requests for accommodations, and after I gave proof of my disability. Exhibits D and C of "Affidavit of Vincent Priemogenito in Opposition to Defendant's Motion for Summary Judgment". See Fallar v. Compuware Corp. 202 F. Supp.2nd 1067, 23 NDLR P 107 (D.Ariz., 2002). See, e.g. Elissa Bon SETTCASE v. The PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Larry Rosenshein, and George J. Marlin 13 F. Supp. 2nd 530 1998. I was then terminated from my electrical teaching position.

Discrimination due to disability in employment is a violation of: 78 Civil Rights 78II Employment Practices 78k1215 Discrimination by Reason of Handicap, Disability, or Illness.

### Statement of Facts

The material facts relevant to the opposition of motion for summary judgment are set forth in "Affidavit of Vincent Priemogenito", "Affidavit of Iggy Zarcone", and in "Affidavit of Vincent Priemogenito in Opposition to Defendant's Motion for Summary Judgment".

2

## **ARGUMENT**

Opposition to Defendant's motion for summary judgment is designed to ensure a just determination of actions. The factual circumstances surrounding my, Vincent Priemogenito's, Plaintiff's, claims are complicated.

I, Vincent Priemogenito, was denied a promotion from Erie One BOCES for an electrical teaching position due to age discrimination. I was denied accommodations for my disability after proof of my disability through my physician's letters (Exhibit C of "Affidavit of Vincent Priemogenito in Opposition to Defendant's Motion for Summary Judgment") submitted to Patricia Kirisits through in house mail in or around August 2006 and in or around August 2007, as requested by Patricia Kirisits; and after my requests for accommodations for my disability also submitted through in house mail from the time of my car accident in August 2006 until my termination in November 2008 (Exhibit D of "Affidavit of Vincent Priemogenito in Opposition to Defendant's Motion for Summary Judgment"). I was then terminated from my position as electrical teacher from Erie One BOCES. I have shown evidence, "concrete particulars", of facts to support my case. I have demonstrated that: (1) I am a member of a protected class; (2) my job performance was satisfactory; (3) I suffered adverse employment action; *and* (4) the action occurred under conditions giving rise to an inference of discrimination. *See, e.g.,* Irma CLARK et al., Plaintiffs-Appellants v.

3

Lon MANN et al., Defendants-Appellees, 562 F.2d 1104 (8th Cir. 1977).

I provided hands on training to my students through mini hands on labs from August 2008 through the beginning of November 2008. Exhibit F of "Affidavit of Vincent Priemogenito in Opposition to Defendant's Motion for Summary Judgment".

I did not violate Erie One BOCES' rules regarding the sharing of workspace with full time teachers. Exhibit B of "Affidavit of Vincent Priemogenito in Opposition to Defendant's Motion for Summary Judgment", conversation on September 18, 2008 with Melody Jason and Vincent Priemogenito, Plaintiff:

M.J.: You were told not to put something in someone's desk and it's just an example now. And you put things in the desk, in the classroom used by the Building Trades Instructor. Patty said you did not have a desk in that area.

V.P.: Right.

M.J.: And then the next thing you know…

V.P.: Patty also said that the teachers were mot gonna return for a couple of weeks…

M.J.: You were told not to…

V.P.: And until that time I could at least leave my book on top of the desk. And I believe that was O.K. And when I came in, my book was placed in a box on the cart. That was it.

M.J.: And you didn't put anything in the drawers?

V.P.: No, Patty called…

M.J.: You didn't empty the drawers?

V.P.: No, I didn't touch anyone elses property. Um, I talked to Patty and Patty told me, "Vince, you can't put anything in the desk." I said "I didn't put anything in the desk. I left my book on top of it, but they're not coming back for another week." She said, "No, they came in early." I said I didn't know that. I wouldn't have left anything there.

I did incorporate mini hands on low voltage labs into my class lessons in my electrical class from August 2008 through November 2008. Exhibit F of "Affidavit of Vincent Priemogenito in Opposition to Defendant's Motion for Summary Judgment".

I did not have difficulty managing the students in my classes. Exhibit T of "Affidavit of Vincent Priemogenito in Opposition to Defendant's Motion for Summary Judgment".

My part time evening electrical teacher position was replaced by a 62 year old, who was later terminated before he finished the electrical course, which ended in February 2009. "Mr. O'Connor was fired...BOCES assigned another teacher Garth to teach the first half of the class". Exhibit I of "Affidavit of Vincent Priemogenito in Opposition to Defendant's Motion for Summary Judgment", letter from Dave Whitlock.

I was informed of the electrical teaching position opening up by Patricia Kirisits in or around August 2008. Patty Kirisits said to me "You should apply for the full time position. It would be nice because you could have your night time students right in the same classroom. There is no one else more qualified than you." I agreed that a full

5

time position would be fantastic.

The ADA prohibits employers from discriminating against employees by "not making reasonable accommodations to the known [limitations of an employee]." 42 U.S.C. § 12112(b)(5)(A); see also EEOC Regulations to Implement the Equal Employment Provisions of the ADA, 29 C.F.R. § 1630.9.FN11 "[A plaintiff] bears the initial burden of showing that 'the suggested accommodation would, more probably than not, have resulted in his ability to perform the essential functions of his job.' " Mustafa v. Clark County Sch. Dist., 157 F.3d 1169, 1176 (9th Cir. 1998) ( citing Buckingham v. United States, 998 F.2d 735, 742 (9th Cir. 1993).FN12 Once plaintiff satisfies his burden by demonstrating a viable accommodation the burden shifts to the employer to demonstrate that the suggested accommodation is unreasonable. Mustafa, 157 F.3d at 1176. Assessing the potential accommodation of a disabled employee may, in certain circumstances, require the employer to initiate "an informal, interactive process with the qualified individual." 29 C.F.R. § 1630.2(o)(3). This is especially true where the employer knows that the employee is experiencing difficulty in the workplace as a result of his disability. *1084Barnett v. U.S. Air., Inc., 228 F.3d 1105, 1112 (9th Cir..2000); Brown v. Lucky Stores, Inc., 246 F.3d 1182, 1188 (9th Cir.2001). The interactive process is "a mandatory rather than a permissive obligation on the part of employers under the ADA ...and is triggered by an employee or an employee's representative *giving notice of the employee's disability and the desire for*

accommodation." *Barnett*, 228 F.3d at 1114 (emphasis added).
Appropriate reasonable accommodations may include "job restructuring, part-time or modified work schedule, reassignment to a vacant position, acquisition or modification of equipment or devices," as well as "modifications or adjustments that enable [the disabled employee] to enjoy equal benefits and privileges of employment as are enjoyed by its other similarly situated employees without disabilities." 29 C.F.R. § 1630.2(*o*); *see also* 42 U.S.C. § 12111(9)(B).

For the reasons set forth above, my claims are true and with merit. I should receive a jury trial.

## Conclusion

I, Vincent Priemogenito, Plaintiff, was able to establish proof that Erie One BOCES discriminated against me. The evidence submitted establishes that my job performance was more than satisfactory and Erie One BOCES' actions were motivated by discriminatory reasons. As I, Vincent Priemogenito, Plaintiff, have proof of discrimination, my case should go to trial.

Dated: February 27, 2013

*Vincent Priemogenito*
Vincent Priemogenito

7