UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

VINCENT PRIEMOGENITO,

                Plaintiff,

v.                                      Civ. No.: 10-cv-887(S)M

BOCES ERIE ONE,

                Defendant.

# REPLY MEMORANDUM OF LAW

Defendant BOCES Erie One ("Erie One") submits this memorandum of law in further support of its motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

In opposition to Erie One's motion for summary judgment, Mr. Priemogenito attempts to rebut the factual record submitted in support of Erie One's motion by making unsubstantiated assertions that are flatly contradicted by admissible evidence. In so doing, Mr. Priemogenito purportedly relies almost exclusively on documents that were not identified in his Rule 26 disclosures and were not produced to Erie One, despite being duly demanded, during the discovery process. Most egregiously, in his opposition papers, Mr. Priemogenito produced, for the first time, alleged requests for accommodation that he claims to have provided to Patricia Kirisits (at unspecified times after his accident). While these belatedly produced documents do not support Mr. Priemogenito's claims – there is no allegation that any of these requests were denied by Erie One – Erie One has no record of these documents *ever* being

submitted by Mr. Priemogenito, and Mrs. Kirisits has no recollection of ever receiving these written requests.

While the Court should disregard all documents and evidence that were not identified in Mr. Priemogenito's initial disclosures and/or produced in discovery, consideration of this material would not alter the outcome of this motion. In short, Mr. Priemogenito has offered nothing to establish: (1) that Erie One's employment demands were made in bad faith; (2) that the actions occurred under conditions giving rise to an inference of discrimination; (3) a prima facie claim under the ADA; or (4) that Erie One's actions were pretextual. Nor has Mr. Priemogenito overcome the evidence proffered by Erie One demonstrating its employment decisions were made for a legitimate non-discriminatory reason – Mr. Priemogenito's failure to follow the curriculum and specific instructions provided by Erie One personnel, and his failure to meet the hiring criteria for a full-time position. Indeed, plaintiff himself has produced transcriptions of audio recordings in discovery that support these facts. Accordingly, for the reasons stated in Erie One's motion for summary judgment, the Complaint should be dismissed in its entirety.

## Point I

### Plaintiff's Belated Witness and Document Disclosure Violates Federal Rules of Civil Procedure 26 and 37

When a Court concludes that a party has violated Rule 26, the Court considers whether preclusion is appropriate pursuant to Rule 37. *See, e.g. Lujan v. Cabana Mgmt., Inc.,* 284 F.R.D. 50, 76 (E.D.N.Y. 2012). Rule 37(c)(1) provides that whenever a party fails to provide information or identify a witness as required by Rule

26(a), "the party is not allowed to use that information or witness to supply evidence on a motion … unless the failure was substantially justified or harmless." In this regard, Courts have held that the fact that discovery has closed weighs in favor of preclusion. *See Lujan* at 76.

### A. <u>Plaintiff's Submission Violates Rule 26(a)(1)(A)(i)</u>

Federal Rule of Civil Procedure 26(a)(1)(A)(i) requires parties to a lawsuit to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment."  In the instant case, "[a]t all times, the plaintiff bears the ultimate burden of persuasion by a preponderance of the evidence." *DiGirolamo v. MetLife Group, Inc.,* 2012 WL 3660525 at *1 (2nd Cir., Aug. 28, 2012), *citing Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177–78, 129 S.Ct. 2343, 174 L.Ed.2d 119 (2009).

Plaintiff's Initial Disclosures, attached to the O'Brien Declaration (Dkt #69) as Exhibit H and Plaintiff's Affidavit as Exhibit A ("Plaintiff's Initial Disclosures"), identify three individuals likely to have discoverable information: (1) Dave Whitlock; (2) Eric Pieszala; and (3) Aaron Battaglia. Notably, all three individuals are former students of Mr. Priemogenito. Nevertheless, in opposition to Erie One's motion, Plaintiff attempts to introduce a factual affidavit from Iggy Zarcone, who also purports to be a former student of Mr. Priemogenito. Mr. Priemogenito further attempts to introduce hearsay statements purportedly made to him by Frank Vasi, a candidate for the full-time teaching position ultimately filled by John Snyder. Mr. Zarcone and, hearsay aside, Mr. Vasi, were not

3

identified on Plaintiff's initial disclosure witness list, and are being offered for the purpose of meeting plaintiff's affirmative burden of persuasion regarding alleged discrimination. As such, Mr. Zarcone's affidavit and any statements of Mr. Vasi, whether or not they are in admissible form, should not be considered by the Court on this motion.

### B. Plaintiff's Submission of Additional Documents Violates Rule 26(a)(1)(A)(ii) and His Discovery Obligations

Federal Rule of Civil Procedure 26(a)(1)(A)(ii) requires parties to a lawsuit to provide "a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Plaintiff's Initial Disclosures identify two documents involving Melanie Jason and documents related to his EEOC and Division of Human Rights complaints as the only documents which may be used in support of his claims.

Additionally, Defendant Boces Erie One's Request for Production and Inspection of Documents and Things To Plaintiff (Dkt #27) requested, *inter alia*: (a) all documents supporting Plaintiff's allegations that he requested a reasonable accommodation based upon a disability (RFP #3); (b) all documents supporting Plaintiff's allegations that a cart was provided to Plaintiff as a reasonable accommodation for a disability (RFP #4); and (c) all non-privileged statements of any party in this lawsuit concerning this action or its subject matter (RFP #6).

As the Court may recall, **Plaintiff** alleged during the discovery process that Erie One was not forthcoming in its production of documents. Incredibly, after representing in his Initial Disclosures that he would be relying upon a limited number of documents, all of which were already in Erie One's possession, and then supplementing that list with an extremely limited production of documents in response to Erie One's discovery demands, Plaintiff now attempts to meet his affirmative obligation to establish discrimination by submitting an affidavit supported almost exclusively by documents that have never been produced to Erie One. Indeed, all of exhibits C, D, F, H, L, M, O, R, S, T, U, V, W and X, and portions of exhibits I, J and N, are produced by Mr. Priemogenito for the first time on this motion.

Further complicating this matter, some of these documents, most notably the first page of Exhibit M and the first and last page of Exhibit N, contain Mr. Priemogenito's handwritten notations as to the alleged relevance of these documents and, in the case of Exhibit N, an attempt to place these documents in time in a manner that is either not apparent from, or contrary to, the face of the document itself.

Finally, the substance of the belated submissions is even more troubling. In particular, exhibits C and D contain undated, handwritten notes that Mr. Priemogenito belatedly provides, claiming that they were given to Patricia Kirisits. As further set forth in Mrs. Kirisits's reply declaration, the first time she saw these undated notes was when Mr. Priemogenito attached them to these opposition papers. Tellingly, these handwritten notes were not provided to Erie One in connection with the NYSDHR complaint, where Mr. Priemogenito was represented by counsel, Melanie Peterson, Esq. Nor were they identified in Mr. Priemogenito's initial disclosures (attached to his

Affidavit as Exhibit A), or produced in response to discovery demands. Additionally, as further set forth in Mrs. Kirisits's reply declaration, the handwritten notations on Exhibit N were not only added long after the fact, presumably by Mr. Priemogenito himself, but further attempt to distort the factual record with claims that they were provided nearly three weeks earlier than the date that appears on the Home Depot invoice.

While, as set forth below, consideration of this material would not alter the outcome of this motion, Erie One respectfully asserts that Plaintiff should not be permitted to abuse the discovery process in this manner, and the Court should refuse to even consider these documents.

### Point II

### Plaintiff Fails To Meet His Burden of Persuasion

Plaintiff does not, and cannot, dispute the legal standard set forth in Erie One's motion for summary judgment. Thus it is undisputed that Mr. Priemogenito must offer "concrete particulars" to substantiate his claim. *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir.1985), *cert. denied*, 474 U.S. 829 (1985). Further, he cannot establish a prima facie case based on "purely conclusory allegations of discrimination, absent any concrete particulars." *Meiri*, 759 F.2d at 998. Finally, "[i]n moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant may satisfy this burden by pointing to an absence of evidence to support an essential element of the nonmoving party's claim." *Gummo v. Village of Depew*, 75 F.3d 98, 107 (2d Cir.1996) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)), *cert denied*, 517 U.S. 1190 (1996).

In his opposition to the instant motion, Mr. Priemogenito attempts to overcome summary judgment by making conclusory statements, unsupported by the record, regarding (1) his conduct of lab projects with his students; (2) the reasons for his failure to obtain a full-time position with Erie One; and (3) his requests for reasonable accommodation from Erie One for his alleged disability. None of these statements withstand even the slightest scrutiny.

Fortunately for Erie One, Mr. Priemogenito engaged in a practice of surreptitiously taping conversations he was having with Erie One employees. The most telling of these taped conversations occurred on November 6, 2008 between Mr. Priemogenito and Patricia Kirisits. During this taped conversation, Mr. Priemogenito: (1) ***admits that he was not administering labs to his students*** and admits that he was not doing so because, in his opinion, "they're behind. They're not comprehending the same way"; and (2) makes no mention of an inability to do his job because of an alleged disability. Indeed, none of Mr. Priemogenito's baseless claims are in any way supported by the tape recordings that he provided to Erie One in the course of this litigation. What the tapes do establish is that Mrs. Kirisits in particular was concerned because a once dependable teacher was no longer willing to follow the curriculum of the program that he was teaching. Thus, even if Mr. Priemogenito could somehow prove that he was teaching in the same manner as previous semesters, ***the transcript of the taped conversation conclusively establishes that this is not what he told Mrs. Kirisits on November 6, 2008.***

The tapes and transcripts produced by Mr. Priemogenito further establish that in early November, Mr. Priemogenito told Mrs. Kirisits that he had ordered supplies

7

approximately two weeks earlier. That is consistent with the October 18, 2008 date on the Home Depot invoice submitted by Mr. Priemogenito as Exhibit N, and not his handwriting on the same document suggesting a date approximately two weeks earlier. Nor is it consistent with the document attached as the last page of Exhibit N, on which it appears Mr. Priemogenito added a handwritten "9-30-08" to a memo purportedly written by Mrs. Kirisits.

Similarly, Mr. Priemogenito offers no admissible evidence to establish that he was passed over for a full time position based upon age discrimination, or to rebut Erie One's legitimate, non-discriminatory basis. In particular, Mr. Priemogenito's wild speculation regarding Frank Vasi should not be considered, as the statement is inadmissible hearsay. Further, there is no reason to credit Mr. Priemogenito's speculation regarding the written evaluation forms, and particularly his theories regarding checkmarks written "in anger."

Finally, Mr. Priemogenito produced, as exhibits C and D to his opposition papers, undated, handwritten notes that he claims were given to Patricia Kirisits at some unspecified time after his accident. However, as set forth in Mrs. Kirisits's reply declaration, the first time she saw these undated notes was when Mr. Priemogenito attached them to these opposition papers. Tellingly, these handwritten notes were not provided to Erie One in connection with the NYSDHR complaint, where Mr. Priemogenito was represented by counsel, Melanie Peterson, Esq. Nor were they identified in Mr. Priemogenito's initial disclosures (attached to his Affidavit as Exhibit A), or produced in response to discovery demands.

While Mrs. Kirisits was aware that Mr. Priemogenito was in an accident, and was further aware that Mr. Priemogenito had made requests for items such as a cart to hold his material, she had no knowledge that these requests were based on an alleged disability. In any event, and perhaps most importantly for purposes of this motion, there is not even an allegation that any of these requests were denied. Combined with the fact that ***Mr. Priemogenito did not even allege a disability claim until 10 months after his initial filing with the NYSDHR,*** it is clear that that Mr. Priemogenito's ADA claim is utterly baseless.

## **Conclusion**

In the course of discovery in this matter Plaintiff was unable to establish any proof that Erie One discriminated against him. Instead, the evidence submitted here overwhelmingly establishes that plaintiff's job performance was unsatisfactory and Erie One's actions were motivated by legitimate, non-discriminatory reasons. Perhaps recognizing this glaring deficiency, Plaintiff, in opposition to Erie One's motion, relies on conclusory statements, previously undisclosed "witnesses" and previously unproduced documents in a desperate attempt to preserve his baseless action. Even if the Court were to consider this belated disclosure, which it should not, Plaintiff has nevertheless failed to offer any direct or indirect proof of discrimination by Erie One. Thus, the Plaintiff's Complaint must be dismissed.

DATED:     Buffalo, New York
March 12, 2013

                                             **WEBSTER SZANYI LLP**
                                             Attorneys for Defendant

                                       By:    *S/Kevin T. O'Brien*
                                                         Michael P. McClaren
                                                         Kevin T. O'Brien
                                             1400 Liberty Building
                                             Buffalo, New York 14202
                                             (716) 842-2800
                                             mmcclaren@websterszanyi.com
                                             kobrien@websterszanyi.com