UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

VINCENT PRIEMOGENITO,

                Plaintiff,

v.

**ORDER**
10-CV-887S(M)

BOARD OF COOPERATIVE EDUCATIONAL
SERVICES (BOCES) ERIE ONE,

                Defendant.


1.      On November 5, 2010, Plaintiff commenced this action alleging employment discrimination in violation of the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. §§ 621 *et seq.*; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 *et seq.*; and New York State Human Rights Law, N.Y. Executive Law §§ 290 *et seq.* Defendant moved on December 28, 2012 for summary judgment dismissing the complaint against it.

2.      On January 23, 2013, this Court referred this matter to the Honorable Jeremiah J. McCarthy, United States Magistrate Judge, to hear and decide all non-dispositive motions or applications, supervise discovery, and prepare and file a report and recommendation containing findings of fact, conclusions of law and a recommended disposition of any dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(A) and (B).

3. In a Report and Recommendation dated July 16, 2013, Judge McCarthy recommended that Defendant's motion be granted to the extent it sought dismissal of Plaintiff's ADA, ADEA, and NYSHRL discrimination claims. Denial was recommended with respect to Plaintiff's ADEA and related NYSHRL retaliation claims. Both parties timely filed objections to Judge McCarthy's Report and Recommendation.

4. Plaintiff fails to raise any objections specific to the Report and Recommendation, and instead merely highlights the arguments previously raised in opposition to Defendant's motion for summary judgment. "Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72[(b)]." Mario v. P&C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002); Automobile Ins. Co. of Harford Conn. v. Murray, Inc., 571 F. Supp. 2d 408, 412 (W.D.N.Y. 2008). Accordingly, *de novo* review is unwarranted, and after consideration of the submissions, this Court finds no clear error in Judge McCarthy's dismissal of Plaintiff's discrimination claims. See United States v. Gardin, 451 F. Supp. 2d 504, 507-8 (W.D.N.Y. 2006) (where an objection consists of the arguments previously raised before the magistrate judge, review for only clear error is appropriate).

5. The Court finds merit in Defendant's objection that Judge McCarthy should have dismissed the ADEA and related NYSHRL retaliation claim for the same reason that the age-related discrimination claims were dismissed. Judge McCarthy correctly noted that discrimination and retaliation claims contain different elements, and therefore should generally be considered separately. Both claims, however, similarly require evidence that

2

an adverse employment action was taken by the defendant for an improper purpose. See Schnabel v. Abramson, 232 F.3d 83, 87 (2d Cir. 2000) (age discrimination claim requires that the action took place under circumstances giving rise to an inference of discrimination); Wanamaker v. Columbian Rope Co., 108 F.3d 462, 465 (2d Cir. 1997) (retaliation claim requires a causal connection between the protected activity and the adverse employment action).

At oral argument, defense counsel asserted that Defendant's argument was the same for the retaliation claim as for the discrimination claims: the absence of evidence of an improper motive. (Docket No. 94.) Notably, Judge McCarthy specifically found that, even assuming the establishment of a prima facie case of discrimination, Defendant had put forth a legitimate non-discriminatory reason for Plaintiff's termination, and Plaintiff had failed to come forward with direct or indirect evidence that the proffered reasons were pretextual. Upon *de novo* review, this Court agrees with Judge McCarthy's assessment that Plaintiff's attempts to create an issue of fact with respect to Defendant's reasons for termination are contradicted by his earlier deposition testimony. Because this finding would render a second summary judgment motion by Defendant on the similar retaliation claim academic, Defendant's objection is granted and the remaining claims are dismissed.

IT HEREBY IS ORDERED, that Judge McCarthy's Report and Recommendation (Docket No. 84) is ACCEPTED in part and SET ASIDE in part;

FURTHER, that Defendant's Objection to this report (Docket No. 85) is GRANTED;

FURTHER, that Plaintiff's Objections to this report (Docket No. 87) are DENIED;

FURTHER, that Defendant's Motion for Summary Judgment (Docket No. 69) is GRANTED in its entirety and the Complaint is dismissed;

FURTHER, that the Clerk of the Court shall close this case.

SO ORDERED.

Dated: September 30, 2013
       Buffalo, New York

                                      <u>/s/William M. Skretny</u>
                                      WILLIAM M. SKRETNY
                                            Chief Judge
                                      United States District Judge